

Joshua D. Greenberg
Direct Dial: (202) 857-4496
Direct Fax: (202) 261-0035
E-mail: jgreenberg@wcsr.com

April 23, 2015

**VIA ECF**

Deborah S. Hunt, Clerk
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

    Re:    *United States v. Suarez*, Nos. 14-4192 & 14-4249

Dear Ms. Hunt:

    The government's letter of April 21, 2015 incorrectly claims support from *United States v. Eaton*, --- F.3d ----, No. 13-6125, 2015 WL 1758235 (6th Cir. Apr. 20, 2015).

    As to Mr. Suarez's preservation of his claim that the instructions for Count 8 eliminated the intent element, *Eaton* is inapposite. Mr. Suarez did not "fail[] to request a particular jury instruction" on an "affirmative defense." *Id.* at *6. To the contrary, Mr. Suarez expressly requested an "attempt" instruction that, unlike the instructions given by the District Court, complied with controlling Sixth Circuit precedent by including the intent element. (Opening Br. at 7; Reply Br. at 7.) More fundamentally, Mr. Suarez's timely and specific written objection to the "attempt" instruction given by the District Court preserves his claim. (Opening Br. at 6-8, 12-24; Reply Br. at 1, 6-20.) Nothing in *Eaton* suggests otherwise.

As to the duplicity in Count 8, *Eaton* is also inapposite. *Eaton* addresses a count charging a defendant with intending to hinder, delay, or prevent the communication of two pieces of information. 2015 WL 1758235, at *3-4, *7-8. The count charged one act on one occasion: that the defendant instructed a witness to write a report that was false as to both pieces of information. *Id.* at *3. No risk existed, therefore, that the defendant could be prosecuted a second time for the same act. Here, in contrast, Count 8 charges three separate acts that occurred at distinct times and differed in several other respects. (Opening Br. at 51-53.) The verdict on Count 8 exposes Mr. Suarez to a second prosecution based on any of those same acts – a problem not presented in *Eaton*. Similarly, the 2011 case that *Eaton* discusses involved one act, the falsification of a document, so there was no double jeopardy concern. *Eaton*, 2015 WL 1758235, at *8. For these reasons, neither Eaton nor the 2011 case contradicts Mr. Suarez's showing that the duplicity in Count 8 requires setting aside the verdict.

Respectfully submitted,

/s/ Joshua D. Greenberg

*Counsel for Benjamin Suarez*